GOVERNMENT OF THE VIRGIN ISLANDS, Plaintiff

v.

RICHARD MOTTA, Defendant

Criminal No. 80/46

GOVERNMENT OF THE VIRGIN ISLANDS, Plaintiff

v.

LORNE JAMES, Defendant

Criminal No. 80/42

District Court of the Virgin Islands

Div. of St. Croix

June 12, 1980

Robert S. Tignor, Esq., Special Assistant United States Attorney

(Office of the United States Attorney), Christiansted, St. Croix, V.I., *for plaintiff*

EDWARD J. OCEAN, ESQ., Christiansted, St. Croix, V.I., *for defendant Motta*

MICHAEL JOSEPH, ESQ., Assistant Federal Public Defender (Office of the Federal Public Defender), Christiansted, St. Croix, V.I., *for defendant James*

BROTMAN, *Judge By Special Assignment*

## MEMORANDUM OPINION WITH ORDERS ATTACHED

This matter is before the Court upon the motion of the Government of the Virgin Islands to continue the date set for trial, and the motion of defendant Lorne James to rejoin his trial in a related case with the trial of this action. The motions will be granted.

### FACTS

This case was originally set for trial on June 4, 1980. The government sought and obtained a continuance of this action until June 9, 1980, because of difficulties encountered in securing the attendance of state-side witnesses.[1] At the time of granting the continuance the Court stated that this action will be tried on June 9, "come hell or high water."

Neither hell nor high water have assailed the walls of justice. Yet, in the quest for justice the absence of a single person may, at times, halt our progress more effectively than the most ominous of natural forces. We are at such a point in time insofar as the progress of this case is concerned.

Elizabeth G. Bowie, the victim of the rape charged in the information, was brought to St. Croix under the Federal Witness Protection Program. She arrived on St. Croix prior to the original trial date of June 4, 1980, in the company of two Deputy United States Marshals and one private investigator/bodyguard.[2] Despite

---

[1] This case was originally to be tried with a companion case, Government of the Virgin Islands v. Lorne James, Cr. No. 80/42. The two trials were severed when this case was set for trial on June 9, 1980. The case against Lorne James was continued until a date to be determined.

[2] At the present time it does not appear that Elizabeth Bowie was ever subpoenaed to testify. It has been represented to the Court that this is a common practice with witnesses in the protection program. While that practice may have some value,

considerable emotional strain, Ms. Bowie appeared to be a cooperative witness in all respects.

On Thursday, June 5, 1980, without warning to the prosecutor's office or the Marshal's Service, Ms. Bowie decided to return to the mainland United States and terminate her participation in this case. This decision was not known to the prosecutor or the Marshal's Service until mid-afternoon of June 5 when it was discovered that Ms. Bowie's bodyguard had checked out of the hotel. Ms. Bowie never officially checked out. The departure from the hotel was accomplished with some subterfuge, as a message was left for the Marshals regarding dinner plans for the evening. When that message was left, Ms. Bowie was actually headed for the airport.

The Marshals who had been assigned to Ms. Bowie and who were in close contact at all times soon discovered her plan to leave St. Croix. Ms. Bowie was detained at Customs for a short time, while attempting to board a flight to Miami. The prosecutor, believing that Ms. Bowie had not been subpoenaed, unaware of any authority on which she could be held, and concerned with the apparently extreme emotional state which had developed in the witness, terminated any attempts to prevent her departure.

On Friday, June 6th at approximately 12:00 noon, the Special Assistant U.S. Attorney requested the issuance of an arrest warrant for Elizabeth G. Bowie as a material witness. The warrant was issued that afternoon. Since that time an extraordinarily diligent effort has been made by the Marshal's Service and the Federal Bureau of Investigation to locate Ms. Bowie. As of this writing, these efforts have yet to succeed.

The prosecution has represented to the Court that Ms. Bowie's testimony as a victim is indispensible to the prosecution of this case as it bears both upon the identification of the defendant himself and upon the identification of certain physical evidence. It was against this background that the prosecution requested a continuance of at least two weeks.

Counsel for defendant Richard Motta, at oral argument, objected to the continuance relying primarily upon the Court's prior action setting this case for trial on June 9, 1980. Counsel for defendant, in chambers prior to oral argument, stated that he would not object to

the potential adverse effects as demonstrated by this case should dictate an alteration of that policy. A seemingly cooperative witness who becomes dissatisfied with her role in a prospective trial may hesitate to take drastic action to avoid continued participation if she has been served with a subpoena compelling her attendance.

a dismissal without prejudice. At oral argument he again explicitly recognized the right of the government to seek a dismissal of the action.

During the course of a colloquy between the Court and defense counsel, the Court asked counsel to identify the manner in which defendant would be prejudiced by a continuance. The only prejudice asserted by defendant was the anxiety attributable to the pending criminal charges.[3]

## SIXTH AMENDMENT—RIGHT TO SPEEDY TRIAL

■ It is manifest that the interests of justice are best served by bringing to a jury all relevant evidence. This is particularly true where the evidence is as probative as that to be brought forth from the victim of a crime. Thus, unless there is some compelling reason to do otherwise, the ends of justice will be best served by granting a continuance which will allow either the prosecutor or the defense to secure the testimony of a key witness. The prudence of such a course of action is most evident in a case such as this where the party seeking the continuance has already taken great efforts to secure the attendance of the witness and indeed, until the eve of trial, had every reason to believe that the witness would cooperate.

■ The consideration remaining to be addressed by the Court is defendant's Sixth Amendment right to a speedy trial. The determination of whether defendant's right to a speedy trial has been violated involves a balancing test which inevitably varies from case to case. However, the Supreme Court has identified four factors which should be assessed in each case: Length of delay, reason for delay, defendant's assertion of his right, and prejudice to defendant. Barker v. Wingo, 407 U.S. 514, 530 (1972). The Barker analysis was reaffirmed in United States v. MacDonald, 435 U.S. 850, 858 (1978).

As the Court stated in Barker the length of the delay is a triggering mechanism. There must be a delay which is at least presumptively prejudicial before an inquiry into the other factors is necessary. Barker v. Wingo, 407 U.S. at 530.

■ Here the government sought only a two-week delay. Counsel for defendant requested that if any continuance is granted, the case

[3] Michael Joseph, Esq., of the Federal Public Defender's Office, was also allowed to address the Court on behalf of Lorne James, a defendant in Cr. No. 80/42, because of the close relation between the two cases. The only prejudice claimed by Mr. Joseph was also the anxiety of the defendant attributable to the pending criminal charges.

510

be continued until July 14, an additional period of delay greater than that requested by the prosecution. A delay of slightly over one month does not seem presumptively prejudicial, particularly where defendant is responsible for extension of the delay. While the two weeks attributable solely to the prosecution appear even less prejudicial, this Court will proceed with its analysis to ensure the protection of defendant's rights.

■ The next factor to be considered is the reason for the delay. Here there is neither a deliberate attempt to hamper the defense through delay nor delay attributable to administrative problems or negligence. Rather we are faced with a missing witness, a situation which clearly justifies some delay. Barker v. Wingo, 407 U.S. at 531.

■ The third factor to be considered is the defendant's assertion of his right. Here the defendant has asserted his right at least as to the two-week delay requested by the government. However, defendant has clearly waived his right with regard to any subsequent delay due to his request for the July 14 trial date. That request for the July 14 trial date also relates to the second factor in that the reason for any delay past two weeks must be attributed to defendant.

■ The final factor to be analyzed is the prejudice to the defendant. Prejudice must be considered in light of those interests which were intended to be protected. The Supreme Court has identified three such interests: (1) the prevention of oppressive pretrial incarceration, (2) the minimization of anxiety and concern on defendant's part, and most importantly, (3) impairment of the defense. Barker v. Wingo, 407 U.S. at 532.

As noted earlier, defendant has asserted prejudice which relates only to the second interest, anxiety. He would be hard pressed to assert any prejudice due to incarceration since he is presently incarcerated under a sentence of this Court on a wholly unrelated matter. Furthermore, this Court must take note of the fact that defendant is presently serving a sentence of five years[4] in assessing the prejudice resulting from anxiety over the pending charges.

■ There can be little doubt that the pendency of criminal charges is likely to cause some anxiety in any person. However, the anxiety of a person already convicted and serving time is likely to be much less significant than that of a defendant who is first encountering the criminal justice system. Thus, while the Court

---

[4] Government of the Virgin Islands v. Richard Motta, Criminal No. 79/111.

assumes that defendant has suffered some prejudice due to anxiety, that prejudice can only be considered minimal.

Additionally, this assumption of anxiety is based upon the bare assertions of counsel, unsupported by any other evidence. Defendant was present in Court when this motion was argued and could have offered testimony.

In light of all these factors: the small amount of the delay, the justifiable reason for delay, the defendant's acquiescence in at least part of the delay and the absence of any serious prejudice particularly the absence of any assertion that the defense has been impaired, this Court can only conclude that a continuance will not infringe upon the defendant's right to a speedy trial.

## SPEEDY TRIAL ACT

The sanctions of the Speedy Trial Act, 18 U.S.C. §§ 3161, 3162, are not yet in force and, therefore, do not affect the disposition of this matter. However, were the sanctions in effect, the result in this motion would not differ. The time limits set forth in the Speedy Trial Act would not be violated by this continuance.

■ The Speedy Trial Act provides for the exclusion of certain periods of delay, in determining the time within which a trial must commence. 18 U.S.C. § 3161(h). Any period of delay resulting from the absence or unavailability of an essential witness is to be excluded in computing the time allowed before trial must commence. 18 U.S.C. § 3161(h)(3)(A).

■ Delay resulting from a continuance granted by the judge at the request of the government shall be excluded where the judge grants the continuance on the basis of his findings that the ends of justice, which prompted the granting of the motion, outweigh the interest of the defendant and the public in a speedy trial. 18 U.S.C. § 3161(h)(8)(A). This Court grants this continuance on the basis of such a finding.

More particularly, the Court finds, in accordance with 18 U.S.C. § 3161(h)(8)(B)(i), that the failure to grant the continuance would make a continuance of the proceeding practically impossible *and* would result in a miscarriage of justice. Without the testimony of Ms. Bowie this case could not continue. Her testimony is essential on the issue of identification. Her testimony is expected to have bearing not only on the identification as related to the alleged rape of which she was the victim, but also on the identification as related to the other crimes charged in the information.

■ A miscarriage of justice would result from the government's inability to seek vindication of the rights of the public and bring to justice the perpetrators of a series of heinous crimes. Equally as important is the fact that defendant would be deprived of the opportunity to clear any taint from his name which may have developed due to the filing of these charges.

In the face of such a relatively short delay, the ends of justice can only be served by taking those steps necessary to ensure a trial on the merits.

## JOINDER

■ Counsel for defendant Lorne James has asked that Criminal No. 80/42 be rejoined with this case for trial. The government has set forth no good reason why these cases should not be rejoined. These cases had been previously joined. The two cases involve the exact same incident. The informations are identical except for the name of the defendant and the number of participants allegedly involved in the crime. Separate trials would involve a waste of judical resources while providing little identifiable benefit.

## CONCLUSION

From the foregoing it should be clear that continuation of this case until July 14, 1980, at which time it will come on for trial, will not violate the Speedy Trial Act, nor the defendant's Sixth Amendment right to a speedy trial. Rather, the continuance will serve the ends of justice by allowing the presentation of all probative evidence at a trial on the merits. Furthermore, a joinder of the trials of Richard Motta and Lorne James will promote judicial economy.

## ORDER

In accordance with the opinion of this Court, of even date herewith, it is hereby

ORDERED

That Cr. No. 80/42 shall be joined for trial with Cr. No. 80/46, Government of the Virgin Islands v. Richard Motta. It is

FURTHER ORDERED

That Cr. No. 80/42 shall proceed to trial on July 14, 1980.

## ORDER

In accordance with the opinion of this Court, of even date herewith, it is hereby

ORDERED

That Cr. No. 80/46 shall be continued until July 14, 1980, at which time it will come on for trial.

**GOVERNMENT OF THE VIRGIN ISLANDS, Defendant**

